Kimmel & Silverman, P.C.
1930 East Marlton Pike
Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **TALBOT BAUM,** | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **DYNAMIC RECOVERY** | ) | |
| **SOLUTIONS, LLC,** | ) | |
| | ) | **(Unlawful Debt Collections Practices)** |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

TALBOT BAUM ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Ventnor, New Jersey 08406.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a limited liability corporation with its principal place of business located at 135 Interstate Boulevard, Unit Number 6, Greenville, South Carolina 29615.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

13. Upon information provided and belief, Defendant was mistakenly attempting to collect a debt from Plaintiff that he never incurred.

14. Beginning on or around May 2013, Defendant's collectors repeatedly and continuously placed harassing telephone calls to Plaintiff's home telephone number in order to collect an alleged debt.

15. Defendant's harassing collection calls originated from numbers including, but not limited to, (877) 821-1658 and (267) 546-5789. The undersigned has confirmed that these numbers belongs to Defendant.

16. Defendant often called Plaintiff's home asking for a person named Maria Rivera.

17. At all times material hereto, Plaintiff advised Defendant that there was no person by the name of Maria Rivera that lived at his residence. Plaintiff also demanded that Defendant stop calling him.

18. Despite Plaintiff's demand not to be contacted, Defendant's calls persisted.

19. Once Defendant was informed that the Plaintiff was not the debtor and that its calls were unwanted and unwarranted, there was no purpose for making additional calls, other than harassment.

20. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

21. Defendant took the actions described above with the intent to harass, deceive and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

22. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it placed repeated harassing calls to Plaintiff; when it continued to call Plaintiff after it was aware that he was not the alleged debtor; and when it engaged in other harassing, oppressive, or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff's home telephone; and, when it continued to call Plaintiff after it was aware that he was not the alleged debtor.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

26. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant violated § 1692f when it disregarded Plaintiff pleas to stop calling him, as he was not the debtor it was seeking; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA

28. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, TALBOT BAUM, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    e. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TALBOT BAUM, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

Dated: May 9, 2014

KIMMEL & SILVERMAN, P.C.

/s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID # AB0891
1930 East Marlton Pike
Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com